**Thomas J. LUMPKIN, Plaintiff–Appellant,**

v.

**HELP USA, Defendant–Appellee.**

No. 05–0960–cv.

United States Court of Appeals, Second Circuit.

April 18, 2006.

Thomas J. Lumpkin, Woodside, N.Y., for Plaintiff–Appellant.

Felice B. Ekelman of Jackson Lewis LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

In October 2002, Plaintiff–Appellant Thomas J. Lumpkin ("Appellant") brought suit against his former employer, Defendant–Appellee HELP USA ("Appellee"), alleging race and age discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. In January 2005, the District Court for the Eastern District of New York (Gershon, *J.*) granted summary judgment in favor of Appellee and dismissed Appellant's claims. Appellant filed a timely appeal of the district court's decision. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

We review *de novo* the district court's grant of summary judgment, construing the evidence in the light most favorable to the non-moving party. *See Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir.1999). Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

In the case before us, the district court concluded, and Appellant agreed, that Appellant's claims depended on proof that his transfer constituted a "constructive discharge" by his former employer. *See Petrosino v. Bell Atlantic*, 385 F.3d 210, 229 (2d Cir.2004) (explaining that a constructive discharge may be found where an "employer, rather than discharging [an employee] directly, intentionally creates a work atmosphere so intolerable that he is forced to quit involuntarily" (internal quotation marks omitted)). Because a reasonable person would not consider Appellant's transfer to be "so intolerable as to compel resignation," the court found that Appellant was not constructively discharged by his former employer. *Id.* at 230 (internal quotation marks omitted). Moreover, the court held that, even if Appellant could demonstrate that he had been constructively discharged, he had failed to establish that the discharge had been motivated by discrimination. *See Stetson v. NYNEX Serv. Co.*, 995 F.2d 355, 359 (2d Cir.1993) (holding that discharge must occur under circumstances raising an inference of discrimination). We affirm the grant of summary judgment for substantially the reasons given by the district court.

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.